UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE L. TAYLOR,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Case No. 1:14-cv-110
　　　　　　　　　　　　　　　　　　　　　Hon. Hugh W. Brenneman, Jr.
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION

    Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for Supplemental Security Income (SSI).

    Plaintiff was born on April 25, 1959 (AR 129).[1] She alleged a disability onset date of November 1, 2010, which was amended to March 1, 2010 (AR 11, 129, 161). Plaintiff completed the 8th grade and had previous employment as a housekeeper cleaner and laundry laborer (AR 31, 68). Plaintiff identified her disabling conditions as headaches, diarrhea, carpal tunnel syndrome, COPD, acid reflux or GERD, diabetes, insomnia, cervical spine problems including disk space narrowing, spurring and spondylosis, lumbar problems with degenerative changes in the lumbar spine, left knee problems, a problem with her tibia, degenerative changes in the hip, depression, arthritis, an old rib fracture and degenerative problems in both knees, fatigue, myalgia and longstanding low back pain and foot sores (AR 42). An Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on February 27, 2013 (AR

---

[1] Citations to the administrative record will be referenced as (AR "page #").

11-19). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since her SSI application date of March 23, 2011 (AR 16). At the second step, the ALJ found that plaintiff had severe impairments of: mild degenerative changes to bilateral hips; mild degenerative changes to cervical spine; mild degenerative change to right knee; and bilateral carpal tunnel syndrome (AR 14). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 15). Specifically, plaintiff did not meet the requirements of Listings 1.02 (major dysfunction of a joint), 1.04 (disorders of the spine) and 11.14 (peripheral neuropathies) (AR 15).

The ALJ decided at the fourth step:

> [T]hat the claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand or walk for a total of six out of eight hours; can sit for a total of six out of eight hours; is limited to occasional climbing of ramps or stairs; occasional climbing of ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; and is able to frequently handle and finger bilaterally.

(AR 15). The ALJ found that plaintiff was capable of performing past relevant work as a housekeeper, work which was not precluded by her residual functional capacity (RFC) (AR 20). Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, at any time since March 23, 2011, the date the application for SSI was filed (AR 19).

### III. ANALYSIS

Plaintiff has raised two issues on appeal.

### A. The Commissioner erred in assigning appropriate weight to the opinions of Jamie Hall, M.D., the Plaintiff's treating physician.

Plaintiff contends that the ALJ erred by declining to give controlling weight to the opinions of her treating physician Dr. Hall. A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. § 416.927(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and

5

(2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

Here, the ALJ evaluated Dr. Hall's opinion as follows:

> The claimant's primary care provider Jamie Hall M.D., offered several opinions. First, Dr. Hall stated the claimant was disabled (Ex 9F). However, this is a determination reserved for the Commissioner of Social Security, and Dr. Hall provided no rational for such a definitive statement. Additionally, Dr. Hall provided two separate statements in 2012. The first, from July, indicated the claimant could "rarely" sit, bend, squat, crawl, kneel, reach overhead, etc., and "rarely" lift up to 10 pounds or more. Additionally, Dr. Hall stated the claimant would miss three or more days each month because of her impairments, and would be off task 20 percent or more of the workday because of her symptoms (Ex 10F). Finally, in November 2012, Dr. Hall opined the claimant still had the same restrictions, but was even more limited to never being able squat, crawl, kneel, or reach over her shoulder (Ex 14F). I have considered the opinions of Dr. Hall carefully. However, Dr. Hall's medical records do not support such extreme limitations, and neither to [sic] any of the neurology or orthopedic notes. Therefore, as the opinions of Dr. Hall are inconsistent with the preponderance of the evidence, I given Dr. Hall's opinions little weight.

(AR 18).

As an initial matter, the ALJ properly rejected Exhibit 9F (AR 521-22). The first page consists of a partially illegible handwritten physical capacities assessment (AR 521) and the second page consists of a series of diagnoses with the opinion that plaintiff is "disabled" (AR 521). Although Dr. Hall was a treating physician, the ALJ was not bound by the doctor's conclusion that plaintiff was disabled. *See* 20 C.F.R. § 416.927(d)(1) ( "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that you

6

are disabled' ). Such statements, by even a treating physician, constitute a legal conclusion that is not binding on the Commissioner. *Crisp v. Secretary of Health and Human Services*, 790 F.2d. 450, 452 (6th Cir. 1986). The determination of disability is the prerogative of the Commissioner, not the treating physician. *See Houston v. Secretary of Health and Human Services*, 736 F.2d 365, 367 (6th Cir. 1984).

The Court reaches a different result with respect to the ALJ's assignment of little weight to Dr. Hall's physical capacities assessments from July 17, 2012 (Exhibit 10F (AR 523-24)) and November 28, 2012 (Exhibit 14F (AR 535-36)). Admittedly, these assessments state that plaintiff has extreme limitations. However, the ALJ does not fully explain the contents or the assessments or why the assessments are inconsistent with the medical record. The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). While it is unnecessary for the ALJ to address every piece of medical evidence, *see Heston*, 245 F.3d at 534-35, an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985). Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C § 405(g). On remand, the Commissioner will be directed to provide a more comprehensive articulation of the reasons for the weight assigned to Dr. Hall's assessments of July 17, 2012 and November 28, 2012, explaining why the assessments are inconsistent with the medical record.

>   **B.    The Commissioner erred at Step 2 of the Sequential Evaluation Process, when the Administrative Law Judge failed to classify plaintiff's obesity; headaches; chronic diarrhea; COPD; GERD; diabetes; insomnia; cervical disc space narrowing, spurring, spondylosis; lumbar spondylosis; degenerative hypertrophy; left knee meniscus tear; left knee degenerative changes with joint effusion; degenerative changes to right tibia with arrow edema; depression; arthritis; fatigue; chronic low back pain; decreased lumbar spinal range of motion; decreased strength; and myalgia as "severe" conditions and failed to consider the limitations caused by the conditions when determining plaintiff's RFC.**

Plaintiff contends that the ALJ erred by failing to include a number of medical conditions as severe impairments at step two of the sequential process. A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). Upon determining that a claimant has one severe impairment the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Secretary of Health & Human Services*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Maziarz*, 837 F.2d at 244. An ALJ can consider such non-severe conditions in determining the claimant's residual functional capacity. *Id.* "The fact that some of [the claimant's] impairments were not deemed to be severe at step two is therefore legally irrelevant." *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir. 2008). Here, the ALJ found that plaintiff suffered from the severe impairments of: mild degenerative changes to bilateral hips; mild degenerative changes to cervical spine; mild degenerative change to right knee; and bilateral carpal tunnel syndrome (AR 14). The

ALJ's failure to include plaintiff's other claimed conditions as severe impairments at step two is legally irrelevant. Accordingly, plaintiff's error will be denied.

### IV.  CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to provide a more comprehensive articulation of the reasons for the weight assigned to Dr. Hall's assessments of July 17, 2012 and November 28, 2012, explaining why the assessments are inconsistent with the medical record. An order consistent with this opinion will be issued forthwith.

Dated:  March 25, 2015                             /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge